UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID T. BLAND,        )<br>                       )<br>        Plaintiff,     )<br>                       )<br>     v.                )   No. 1:21-cv-03042-TWP-TAB<br>                       )<br>T. HEYMIG,             )<br>                       )<br>        Defendant.     )  | |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

This action is based on David Bland's allegations that a correctional officer violated his constitutional rights while he was incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I. Screening Standard

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. The Complaint

Mr. Bland asserts claims for damages against one defendant—Officer Heymig—based on the following allegations.

Mr. Bland and other inmates once harassed Officer Heymig after he was unable to open their cell doors one morning. Several months later, in September 2020, Officer Heymig wrote a conduct report falsely accusing Mr. Bland of having a sexual relationship with another inmate. Mr. Bland was acquitted of the disciplinary charge, and he filed a grievance accusing Officer Heymig of misconduct.

After Mr. Bland filed his grievance, Officer Heymig spread false rumors that Mr. Bland was involved in a sexual relationship with another inmate. Officer Bland's hope was that Mr. Bland would request protective custody and move into a different housing unit. Based on these rumors, though, another inmate attempted to stab Mr. Bland in November 2020, and both he and Mr. Bland were sent to disciplinary segregation for fighting.

## III. Discussion of Claims

This action **will proceed** with First and Eighth Amendment claims against Officer Heymig pursuant to 42 U.S.C. § 1983. The First Amendment claim will be based on the theory that Officer Heymig retaliated against Mr. Bland for pursuing a grievance. The Eighth Amendment claim will be based on the theory that Officer Heymig intentionally exposed Mr. Bland to a serious risk of harm.

IV. Conclusion and Issuance of Process

The action will proceed with First and Eighth Amendment claims as discussed in Part III. The claims addressed in Part III are the only claims the Court identified in the complaint. If Mr. Bland believes he asserted additional claims that the Court has not addressed, he must notify the Court **no later than June 3, 2022**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendant in the manner specified by Fed. R. Civ. P. 4(d). Process will consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

**IT IS SO ORDERED.**

Date: 5/9/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID T. BLAND
874831
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Electronic service to Indiana Department of Correction employee:

   Officer Heymig, Pendleton Correctional Facility