## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID T. BLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-03042-TWP-TAB |
| | ) |
| T. HEYMIG, Officer, in his individual capacity, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant T. Heymig's ("Officer Heymig") Motion for Summary Judgment (Dkt. 24). In this civil rights action, Plaintiff David T. Bland ("Bland") alleges that Pendleton Correctional Facility Officer Heymig accused him of having a sexual relationship with another inmate, resulting in a false disciplinary charge and an attempted stabbing by another inmate. Officer Heymig seeks summary judgment based on the affirmative defense that Bland failed to exhaust administrative remedies before filing suit. For the reasons explained below, the Motion for Summary Judgment is **granted**, and this action is **dismissed**.

### I. STANDARD OF REVIEW

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Cmty. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Indiana Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Bland failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. PRISON LITIGATION REFORM ACT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

On a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Sys., Inc.,* 98 F.3d 262, 265

2

(7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). In this case, the substantive law is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (citing *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," Officer Heymig faces the burden of establishing that "an administrative remedy was available and that [Bland] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* (internal quotation omitted).

### III.   PROCEDURAL AND FACTUAL BACKGROUND

The Indiana Department of Correction's ("IDOC") Offender Grievance Process is an administrative remedy program designed to allow inmates "to express complaints and topics of concern for the efficient and fair resolution of legitimate offender concerns". (Dkt. 25-2 at § II.)

Inmates can use the Grievance Process to resolve concerns about "[a]ctions of individual staff, contractors, or volunteers" and "concerns relating to conditions of care or supervision within the" IDOC. *Id.* at § IV(A). The Grievance Process was an appropriate venue for Bland to raise concerns about Officer Heymig's conduct.

To exhaust the Grievance Process's remedies, an inmate must complete four steps. Only the first three have any bearing on this case.

First, the inmate must attempt to resolve his concern informally. *Id.* at § IV(1) (formal grievance must follow "unsuccessful attempts at informal resolutions"). Second, if the inmate is unable to achieve a satisfactory resolution informally, he must submit a formal grievance to the grievance specialist. *Id.* at § X. Third, if the inmate is dissatisfied with the grievance specialist's response, he must submit an appeal to the grievance specialist, who will transmit the appeal to the warden or the warden's designee. *Id.* at § XI.

An inmate must submit a formal grievance to the grievance specialist on State Form 45471 within ten business days of the incident giving rise to the grievance. *Id.* at § X. The grievance specialist must screen the grievance for compliance with the basic requirements of the Grievance Process, including timeliness. *Id.* at § X.B. If the grievance is noncompliant, the grievance specialist may reject it and return it to the inmate with an explanation. *Id.*

If the grievance specialist does not reject the grievance, she must "accept it and record it." *Id.* at § X.B. Once the grievance specialist accepts the grievance, she must investigate the matter and respond to the inmate. *Id.* at § X.C. The inmate may file an appeal after receiving an unsatisfactory response from the grievance specialist or after 20 business days have passed without a response. *Id.* at §§ X.C, XI.

Grievances, appeals, and responses are recorded in the IDOC Records Management System. *See id.* at §§ III(I), X.B (after receiving a grievance, the grievance specialist "shall either accept it and record it, or reject it").

Officer Heymig acknowledges that Bland submitted a formal grievance concerning the allegations at issue in this case. The grievance is dated January 8, 2021, and it is marked as received on both January 12 and 13, 2021. (Dkt. 25-4.) Officer Heymig has also presented an affidavit from the grievance specialist, attesting that the grievance dated January 8, 2021 is a true and accurate copy of the grievance. (Dkt. 25-1 at ¶ 24.) Because the grievance describes events that occurred on September 8, 2020, the grievance specialist appears to have rejected this grievance as untimely on January 25, 2021. (Dkt. 1-1 at 6.)

Bland attached to his Complaint an identical grievance dated September 8, 2020. (Dkt. 1-1 at 4.) His verified complaint includes an attestation, under penalty of perjury, that its allegations are true. (Dkt. 1 at 7.) However, the Complaint does not allege that the September 8, 2020 grievance is a true and accurate copy of the grievance he submitted, and Bland does not allege that he submitted a grievance on September 8, 2020. Moreover, the grievance specialist's affidavit attests that the version of the grievance dated January 8. 2021 is the version she received on January 12, 2021. (Dkt. 25-1 at ¶ 24.)

Bland also attached to his Complaint a grievance dated January 11, 2021. (Dkt. 1-1 at 5.) The grievance specialist denies ever receiving this grievance, and no other evidence (such as marking on the grievance or a rejection form) indicates that it was received. (Dkt. 25-1 at ¶ 25.) Moreover, Bland has not responded to the summary judgment motion and has designated no evidence to show otherwise. The record includes no evidence of grievance appeals.

## IV. ANALYSIS

At summary judgment, the Court must treat the movant's assertions as facts admitted without controversy, so long as they are supported by evidence, except where the nonmovant calls them into dispute. S.D. Ind. 56-1(f)(1).

The record before the Court shows that Bland submitted one grievance regarding the claims in this action, that he submitted it on January 8, 2021, and that the grievance specialist properly rejected it as untimely. The grievance process would have afforded Bland no other path to relief, and a prisoner must submit grievances "'in the place, and at the time, the prison's administrative rules require.'" *Dale,* 376 F.3d at 655 (quoting *Pozo,* 286 F.3d at 1025). By waiting too long to file his grievance, Bland failed to exhaust administrative remedies, and the affirmative defense resolves this case in Officer Heymig's favor.

If Bland in fact submitted the formal grievance on September 8, 2020—the same date as the events it describes—the grievance specialist's rejection of the grievance as untimely would have been improper. The Court need not determine, however, whether Bland exhausted administrative remedies through the September 8, 2020 grievance. Officer Heymig has presented admissible evidence—the grievance specialist's affidavit—clarifying that only the January 8, 2021 grievance was submitted and that the September 8, 2020 grievance attached to the Complaint was not authentic. Because no admissible evidence calls this assertion into dispute, the Court must accept it as true. Thus, the September 8, 2020 grievance has no impact on this case.

Likewise, the January 11, 2021 grievance attached to Bland's Complaint does not create a material dispute. Through the grievance specialist's affidavit, Officer Heymig presented admissible, undisputed evidence that this document was never submitted. If it was, there is no dispute that this grievance was never rejected. Therefore, Bland could have filed a grievance

appeal after 20 business days, (*see* Dkt. 25-2 at §§ X.C, XI), and he never did so.  Construing the facts in Bland's favor, he failed to exhaust whatever remedies were available through the January 11, 2021 grievance.

## V.  CONCLUSION

For the reasons stated above, Officer Heymig's unopposed Motion For Summary Judgment, Dkt. [24], is **GRANTED** and this action is **dismissed without prejudice**.  *See Ford v. Johnson*, 362 F.3d 395, 401 ("[I]f the prisoner does exhaust, but files suit early, then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision. . . . [T]herefore . . . *all* dismissals under § 1997e(a) should be without prejudice.") (emphasis in original).  The **Clerk is directed** to enter final judgment consistent with this Order.

**SO ORDERED.**

Date: 1/11/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David T. Bland, #874831,
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
Michigan City, Indiana  46360

Eric Ryan Shouse
LEWIS AND WILKINS LLP
shouse@lewisandwilkins.com